RAFAEL CARRIÓN, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 862. Submitted February 10, 1932.—Decided February 15, 1932.

*R. Cintrón Lastra* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On presentation for record in the Registry of Property of Caguas of a public deed executed by the marshal of the

District Court of Humacao to Rafael Carrión, the registrar refused to make the record on the grounds stated in the following decision:

"Record is denied of the foregoing instrument, which is deed No. 33, executed on November 23, 1931, in Humacao, before notary Rafael Cintrón Lastra, as it is noted that in the foreclosure of the mortgage and in the sale at public auction no compliance was had with the procedure prescribed in Act No. 69, approved by our Legislature on May 2, 1931; . . ."

Feeling aggrieved by that decision, Carrión took the present administrative appeal. His contention is that no retroactive effect can be given to Act No. 69 of 1931. The registrar maintains that this can be done, as the statute is remedial and was in force at the time when the sale sought to be recorded took place.

The question involved is of great importance, inasmuch as its determination will fix the procedure to be followed in a great number of similar cases.

A restatement of the facts would seem advisable. They are as follows: Nicasio Pérez and his wife acknowledged to be owing a certain sum of money to Juan Sixto Marcano and to secure the debt they constituted a mortgage on a rural property they owned, located in the ward of Beatriz, municipal district of Caguas. On October 8, 1927, the agreement was embodied in a public deed which was recorded in the registry of property. Subsequently, on June 19, 1931, the mortgagee assigned his credit to Rafael Carrión, who, upon the mortgage becoming due, attempted to collect the same by a summary foreclosure proceeding which he instituted in the District Court of Humacao. The term allowed under the writ demanding payment having expired without the mortgagor paying the sum due, the court, on October 17, 1931, ordered the clerk to issue to the marshal a writ of execution. The writ was issued; the sale of the mortgaged property was advertised and the property was sold on November 18, 1931, in accordance with the Act of March 9, 1905, to the

highest bidder who happened to be the mortgagee himself. On the 23d of the same month of November the marshal granted the proper deed of sale, and this was the deed presented in the registry which has given rise to the above decision.

Inasmuch as at the time of the execution of the mortgage deed the applicable law in force was the Act of March, 9, 1905, relative to judgments and the manner of satisfying them, it was unnecessary to state the price at which the parties had appraised the mortgaged property. In *Iglesias* v. *Registrar*, 43 P.R.R. 18, 20, this Court, speaking through Mr. Justice Wolf, recently expressed itself on this point, thus:

"The Mortgage Law of July 14, 1893, provided in section 127 as follows:

'The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for the only public sale which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan.'

"Under various decisions of this Court (*Porto Rican Leaf Tobacco Co.* v. *Registrar*, 23 P.R.R. 470; *Cintrón et al.* v. *Banco Territorial y Agrícola*, 15 P.R.R. 495; *Giménez et. al.* v. *Brenes*, 10 P.R.R. 124), it was held that the Act of March 9, 1905, which changed the manner of executing mortgages, made the expression of the value of the property as required by section 127 of the Mortgage Law to be without any practical purpose or necessity. Therefore, at least until May 1, 1931, it was unnecessary to express the value of the property in a mortgage deed.

"The appellant maintains that Act No. 69 could not have a retroactive effect and hence could not apply to a notary who was executing a deed on July 11, 1931. The registrar maintains that the provision of section 127 of the Mortgage Law was never actually repealed, and that Act No. 69 being only an adjective provision could definitely revive section 127 of the Mortgage Law, even for deeds executed before July 30, 1931.

"We think the registrar is mistaken. Laws are forward-looking. Until the 30th of July, 1931, the Act of 1905 was in force. Before that date parties made their contracts in accordance with the existing law and their manner of execution. The Act of 1905 was not

repealed with respect to deeds made before Act No. 69 went into effect.''

That being so, we fail to see how it can be contended that the public auction should be carried out in accordance with an appraisal which was not obligatory nor was actually made.

Act No. 69 of 1931 should be construed as a whole. It re-enacts section 127 of the Mortgage Law which establishes a complete method of foreclosure starting from the execution of the deed. It reads as follows:

''An Act to amend Article 127 of the Mortgage Law in force, and for other purposes.

''*Be it enacted by the Legislature of Porto Rico:*

''Section 1.—Article 127 of the Mortgage Law in force, is hereby amended to read as follows:

'' 'The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for the first public sale which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan.

'' 'Should the first public sale fail to produce an award or adjudication, two-thirds of the value at which the contracting parties appraise the estate shall serve as a basis for the second public sale, but when said two-thirds part do not exceed the amount of preferred liabilities, such amount shall be the minimum limit of admissible bids.

'' 'Should there be no award or adjudication at the second public sale, the basis for such other sales as may be held shall be the total amount of the preferred credits.'

''Section 2.—The provisions of the Act of March 9, 1905, relative to judgments and the satisfaction thereof, so far as they conflict with the provisions of article 127 of the Mortgage Law as amended by the preceding article, and all other laws or parts of laws in conflict herewith, are hereby repealed.

''Section 3.—This Act shall take effect ninety days after its approval.

''*Approved, May 2, 1931.*''

Therefore, in foreclosure, the procedure fixed by section 127 must be pursued only when the mortgage involved has been constituted under the provisions of the Act itself, that

is, in case of deeds executed after July 31, 1931, when said Act went into effect. Such is not the case here.

The case of *Henna et al. v. Saurí & Subirá*, 22 P.R.R. 776, on which the registrar seems to rely for his theory, has not the scope that he attaches to it, because regard was had therein to the fact that article 175 of the Mortgage Law Regulations provided "that creditors who have their rights recorded prior to the time the law goes into effect may select this summary procedure; but when the titles of their claims do not state the agreement of the debtor to a definite price for the auction, they must establish this agreement by means of a public instrument, or request a valuation, in accordance with the Law of Civil Procedure, in order to prepare the announcement of the sale" (22 P.R.R. 788), and in the case at bar the new procedure was not adopted.

The decision appealed from must be reversed and the record sought ordered.